IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 06-0753

FILED

NOV 07 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

STATE OF MONTANA,

Plaintiff and Appellant,

v.                                            ORDER

BERNARD RICHARD BILLMAN,

Defendant and Appellee.

In this appeal, the State of Montana has appealed from the District Court's dismissal of the charges against the defendant due to lack of speedy trial. Since the date of the District Court's order of dismissal on November 9, 2006, this Court issued its Opinion in *State v. Ariegwe*, 2007 MT 204, 338 Mont. 442, 167 P.3d 815, in which the Court established a new framework for analyzing speedy trial claims. In light of our decision in *Ariegwe*, we deem it appropriate that this appeal be remanded to the District Court for entry of findings of fact and conclusions of law pursuant to the *Ariegwe* analysis.

IT IS THEREFORE ORDERED:

1. This appeal is remanded to the District Court solely for entry of findings of fact and conclusions of law based upon *State v. Ariegwe*.

2. This Court shall retain jurisdiction over this appeal.

3. Upon entry of said findings and conclusions, the District Court shall file a copy of its judgment with this Court, and the parties will be allotted time to file supplemental briefs.

4. The Clerk is directed to mail a true copy hereof to counsel of record for the respective parties; to the Clerk of the District Court of Yellowstone County; and to the Honorable Russell C. Fagg, District Judge.

1

DATED this ___ day of November, 2007.

_____
Chief Justice

_____


_____


_____
Justices

2

Justice James C. Nelson, dissenting.

I dissent from the Court's Order remanding this case to the District Court for entry of findings of fact and conclusions of law. I do so for the following reasons.

First, there is no need to remand for findings of fact, as we have a sufficient record on which to apply the revised speedy trial test set out in *State v. Ariegwe*, 2007 MT 204, 338 Mont. 442, 167 P.3d 815. Indeed, in *Ariegwe* we applied the test to the facts of that case without remanding for fact-finding by the District Court, observing that "[t]he factual record before us, which includes a complete transcript of the parties' arguments at the hearing on Ariegwe's motion, is well-developed, thus enabling us to evaluate his speedy trial claim pursuant to the revised speedy trial test." *Ariegwe*, ¶ 120. Likewise, the record in the case at hand contains all of the relevant factual information necessary to evaluate Billman's speedy trial claim under *Ariegwe*.

Second, there is no need to remand for conclusions of law. Whether Billman has been denied his right to a speedy trial is a question of constitutional law; and our standard of review, accordingly, is de novo. *Ariegwe*, ¶ 119; *City of Billings v. Bruce*, 1998 MT 186, ¶ 18, 290 Mont. 148, ¶ 18, 965 P.2d 866, ¶ 18; *State v. Spang*, 2007 MT 54, ¶ 7, 336 Mont. 184, ¶ 7, 153 P.3d 646, ¶ 7. Like the District Court, we evaluate the factual circumstances pursuant to the four-factor balancing test to determine whether they amount to a speedy trial violation. *Ariegwe*, ¶ 119. Indeed, when this case is back before this Court, we will perform precisely the same weighing and balancing of the four factors as did the District Court. Since our review is plenary, we will give no deference to the court's legal determinations in that regard. Thus, we are fully capable of determining whether the factual circumstances amount to a speedy trial violation without any further action on the part of the District Court.

Third, in its briefs on appeal the State actually requests that this Court evaluate Billman's speedy trial claim pursuant to an approach along the lines of *Ariegwe*. With respect to *Bruce*'s 275-day burden-shifting rule (*see Bruce*, ¶ 56), the State asserts that "[s]hifting the burden of proof to the prosecution requires the State to disprove the

3

existence of prejudice or, conversely, to positively prove a negative, a task which the State is ill-suited to perform in a vacuum regardless of the point in the proceedings in which it must be undertaken." The State suggests that an approach under which "[t]he defendant should ordinarily come forward with evidence of impairment of the defense or other prejudice resulting from the delay, and the State should then have the burden, and a full opportunity, to rebut the claim" would "make better sense for both the parties and the trial court." *Cf. Ariegwe*, ¶ 56. The State also criticizes *Bruce*'s approach under Factor Three (*see Bruce*, ¶ 57), pointing out that the State was precluded in the case at hand from arguing that Billman "acquiesced in the delay and did not actually want a speedy trial" and the District Court likewise was precluded from reviewing "the timing and circumstances of Billman's assertion of the right to a speedy trial." *Cf. Ariegwe*, ¶¶ 79-80. Yet, despite the State's prescient request that we reconsider the *Bruce* test (the State's briefs were filed before *Ariegwe* was handed down), the State does not request a remand or even hint that one is necessary.

In fact, in *State v. Rose* (No. 05-129), the State emphatically *objected* to a request by Rose "for the opportunity to apply the new *Ariegwe* criteria to the current record" by way of an oral argument before this Court. Rose pointed out that the district court applied the *Bruce* test to the facts of his case and, therefore, did not take into account such issues as whether Rose actually wanted a speedy trial. The State argued, however, that oral argument "is unnecessary and is not an efficient use of judicial resources." The State pointed out that "[t]he facts in Rose's case were thoroughly established at the evidentiary hearing." The same is true in the case at hand. The State also pointed out that "[t]his Court is fully capable of applying the established facts to the modified speedy trial analysis it set forth in *Ariegwe* without oral argument." Likewise, in the case at hand, we are fully capable of evaluating the factual circumstances pursuant to the revised speedy trial test without any further action on the part of the District Court. Notably, we summarily denied Rose's request based on the State's objection. *See* Order, *State v. Rose*, No. 05-129 (October 31, 2007).

4

Fourth, remanding this case will unnecessarily prolong the final resolution of Billman's speedy trial claim. If, as the District Court already concluded, Billman's right to a speedy trial was in fact violated, then the only harm caused by the Court's remand is needless expenditures of time and resources. But if, as I believe on the record presently before us, Billman's right to a speedy trial was *not* violated, then the Court's remand is creating untenable consequences. In particular, the State is entitled to prosecute the charges against Billman, and Billman is entitled to mount an effective defense. Both parties should be permitted to do so before the case becomes stale due to erosion or loss of evidence, witnesses, and memories. The events in question occurred on January 27, 2006—648 days ago, as of November 6, 2007. By delaying prosecution of the charges just so that the District Court can recite facts that are already apparent on the record before us and then conduct a balancing of the four factors that we, in turn, will review de novo, the Court is unnecessarily jeopardizing both the State's ability to prosecute and Billman's ability to defend himself.[1]

Fifth, the Court provides no justification for remanding this case. The Court simply "deem[s] it appropriate" to do so. However, as explained above, *Ariegwe* is authority for taking the opposite course of action, i.e., resolving the speedy trial issue without a remand. Moreover, given the interests at stake here, I cannot agree with delaying resolution of Billman's speedy trial claim based on such a conclusory rationale.

---

[1] As noted, on the record before us, I believe that Billman's right to a speedy trial was not violated as a result of the 311-day delay between his arrest (January 27, 2006) and the final trial setting (December 4, 2006). However, I may well change my mind about that following further delay for what I believe are pointless proceedings in the District Court (delay which clearly is *not* attributable to Billman). As it is, a 311-day delay in bringing an accused to trial on relatively simple charges of DUI, driving while suspended or revoked, and driving without proof of liability insurance is disconcerting and, here, is only overcome by the State's persuasive showing on the issue of prejudice and the low culpability associated with the delay attributable to the State. But there will come a time when the amount of delay in prosecuting a simple DUI case will, in my mind, constitute per se prejudice to the accused and place on the State an insurmountable burden of justifying such delay. *See Ariegwe*, ¶¶ 60, 61.

In sum, remanding this case to the District Court is not justified by an inadequate record on appeal. It is not justified by this Court's inability on the present record to evaluate the factual circumstances pursuant to the four-factor balancing test. It was not even requested by the parties. In fact, when faced with a similar request by the defendant in *State v. Rose*, the State emphatically objected on the ground that it was "unnecessary and . . . not an efficient use of judicial resources." Simply put, remanding this case to the District Court serves no meritorious purpose whatsoever.

Worse still, because I believe that the District Court erred in granting Billman's motion to dismiss for violation of his right to a speedy trial, I also conclude that the Court's action here needlessly hampers the State's legitimate interest in prosecuting the charges against Billman and infringes Billman's constitutional rights to mount an effective defense and to due process generally. Indeed, the Court's approach may be the straw that breaks the back of Billman's constitutional right to a speedy trial.

I would apply the four-factor balancing test, as clarified and modified in *Ariegwe*, to the facts of this case now, rather than later. I dissent from the Court's contrary decision.

_____
Justice

6